## In the Matter of the Assessment of the Collateral Inheritance Tax on the Estate of ELIZA C. DOTY, Deceased.

*(Surrogate's Court, Madison County Filed December 27, 1893.)*

1. TAX—COLLATERAL INHERITANCE.

   Where a clause in a will recites that a legacy is given in view, and in consideration of the legatee's unremitting care and attention to the testatrix during her years of sickness without asking any reward for services rendered, such legacy is taxable.

2. SAME.

   In order to be exempt, the legacy must be in payment of a legally enforcible debt.

3. SAME.

   The court, in ascertaining whether a legacy is, or is not, taxable, has the right to determine, not only from the provisions of the will, but by extrinsic facts, if necessary, whether it is a voluntary gift or in payment of a legally enforcible debt.

4. SAME.

   In such case, the legatee, if he desires to escape the payment of the tax, must establish his debt against the estate, have it paid by the executor in the usual manner, and let the legacy to him go to the residuary estate.

Harvey S. Bedell, for appellant; Charles A. Hitchcock, for People.

KENNEDY, S.—This proceeding is an appeal from the appraisal and assessment of the collateral inheritance tax of $115.22, upon the legacy given by the will of the deceased to Dr. C. C. Reid, of Rome, N. Y.

The subdivision of the will upon which the question arises is as follows: "I hold a paid up-insurance policy on my husband, R. S. Doty's life, of $2,320. I now add $180, making the sum of $2,500, which I freely give and bequeath to my true friend, Dr. C. C. Reid, of Rome, N. Y., in view and in consideration of his unremitting care and attention to me during my years of sickness without asking any reward for services rendered, as he knew my means were somewhat limited."

The appellant insists that the legacy in question is not taxable upon the ground that he had in fact rendered professional services for the deceased at some period of her life for which she had not paid. Upon the hearing he offered to prove such services, the time when, the amount thereof and the circumstances under which they were performed; but the surrogate held that the proof offered to establish these facts was incompetent, and excluded it; so that the only question to be determined is whether the legacy, on account of the reasons assigned in the will for the bequest, is taxable. We must hold it liable to the tax assessed for the following reasons: The appellant did not appear before the appraiser and establish any indebtedness on the part of the deceased to him for professional services or otherwise, nor did he, upon the appeal before the surrogate, prove that he had any valid debt against her. No indebtedness being established which could be enforced against her estate, the legacy was a voluntary gift on the part of Mrs. Doty, and, therefore, is not exempt from the payment of the tax prescribed by law.

The estate which passes to an heir or legatee, and upon which

a tax is to be assessed, is the amount which remains to be distributed after all the debts and funeral expenses are paid. Hence the existence of a claim which the testator might be honorably but not legally bound to pay is insufficient; it must be one to which there is no legal defense and which the creditor can enforce by legal proceedings. If this were not the legal rule, a testator might either designedly or otherwise defeat the object of the statute and render it practically useless by simply reciting in his will that the legacy is in consideration of care, attention, kindness, favors received from, or services performed by, the legatee at some period of the testator's life. The reasons which a testator may give for making a legacy, while appropriate in explanation of his motives, cannot be made use of either by himself or his legatee to shield a legacy from taxation, because a legacy implies a bounty and not the payment of a debt. Hence the court in ascertaining whether a legacy is taxable or not has the right to determine, not only from the provisions of the will but by extrinsic facts if necessary, whether it is a voluntary gift or in payment of a legally enforceable debt; and if it appears that the legacy was pure gratuity, the legatee, if he accepts it, must take it subject to the conditions upon which it is given, and subject also to the conditions which the law has impressed upon it. The payment of a tax cannot be avoided by the mere phraseology of the will. Declarations of the testator cannot rise above the law and abrogate its provisions. The tax cannot be eluded by the use of words not necessary to make the gift effective. If the alleged debt is not admitted by the executor, or is denied by him, it is the duty of the legatee to establish his debt, if he has any, either by legal proceedings against the executor or by such other proceedings before the surrogate as will enable the court to ascertain its validity and thereby determine whether the legacy exceeds the indebtedness, and, if so, to assess a tax upon the excess. If a testator makes a bequest or devise of property to his executors or trustees in lieu of their legal commissions and allowances, the excess beyond a reasonable compensation for their services is liable to a

tax, and we know of no good reason why a legacy, in payment for services, care, attention rendered a testator, should not be placed upon the same basis. This course protects the state from fraud and prevents legatees from avoiding the tax which the statute has demanded. No injustice is done the legatee by adopting this course, because it is optional with him whether he will accept the legacy with whatever conditions and burdens may be attached to it, or to enforce his claim against the estate. For acts of kindness shown, for favors received, for some act done at an opportune moment, for many nameless things that were beneficial to him, a testator may, at the time of making his will, feel exceedingly grateful, and think it his duty to express his appreciation and remembrance of them by legacies to those who have rendered them; but unless some legal and enforcible claim exist against the testator by reason of them, a legacy thus given in grateful recognition of the kindly act of friends and relatives should be considered a bounty and not the payment of a debt, unless the debt is in some manner established to the satisfaction of the court, and for this reason should not be exempt from taxation.

If the above is a correct statement of the law it follows that the legacy to Dr. Reid is taxable because there is no evidence that it was given in payment of a valid debt, but solely in view of his unremitting care and attention to the testatrix. The words "I freely give and bequeath" indicate that the deceased understood that the appellant had no legal claim against her, but nothwithstanding this fact she desired to fittingly recognize the value of his services to her. If she believed that she was indebted to Dr. Reid in a legal sense, but that the debt could not be enforced against her or her estate by reason of the statute of limitations if interposed as a defense, she could have revived the debt by proper allegations for that purpose in her will. So too the appellant has recognized the legacy as a gift and not the payment of a debt because he had presented no claim for any indebtedness to the executor, nor did he appear before the appraiser and claim that his legacy was exempt from

taxation by reason of any debt he had against the estate. He should, therefore, be deemed to have elected to accept the legacy as a gift and should be estopped from asserting the contrary at the present time after his refusal or failure to avail himself of the several opportunities offered him by the law to establish his claim, if he had any. No conclusion can be drawn from his conduct save that he accepted the legacy upon the understanding and purpose expressed in the will and no conclusion can be drawn from the will except that the legacy was a mere gratuity, in recognition of services rendered the deceased when she was in limited circumstances, and without expectation of payment. As our records show Mrs. Doty was worth $20,000 at her death, it will therefore be presumed that if she supposed that Dr. Reid had any legal claim against her she would have paid him and it will also be presumed for the same reason that if Dr. Reid had a valid debt against her he would have collected it in her life time. These facts alone, even if she had made no explanation in relation to the bequest to him, are very strong evidence of the non-existence of any legal indebtedness to Dr. Reid and suggest the real motive and intent of the legacy as well as the reason why Dr. Reid never attempted to collect any pretended debt against Mrs. Doty. It was in her power to have exempted this legacy from taxation at his expense by directing that the tax thereon be paid as part of the expenses of administration and not be deducted from the legacy; but she chose to bestow her bounty subject to such conditions as the statute might impose upon it.

It is immaterial whether the law or the testator attaches conditions to testamentary gifts, the legatee cannot take a benefit under the will and refuse the burden imposed on it. By accepting the provisions of the will the appellant has assented not only to the reasons, purposes and objects of Mrs. Doty in making the bequest to him, as expressed in the will, but to the terms and conditions which the law has annexed to it, and has surrendered every right which he may have had or asserted in the courts against her estate, which was inconsistent with the

provisions of the will and the terms and conditions attached to it and forming the consideration and motive of the legacy. The appellant was put to his election, either to establish his claim for professional services, or to accept the bounty which the deceased gave him in recognition of his kindness to her. By neglecting to present any account to the executor, or prove any claim against the estate, and having accepted the gratuity which the deceased provided for him in her will, it was the duty of the executor on its payment to him to deduct therefrom the tax which had been assessed by the surrogate. If he desired to escape the payment of the tax, or was dissatisfied with the amount of the legacy, he should have established his debt if he had any against the estate and had it paid by the executor in the usual manner and let the legacy go to him in the residuary assets.

> "The times have been,
>    That, when the brains were out, the man would die,
> And there an end; but now they rise again.
>    With twenty mortal murders on their crowns,
> And push us from our stools."

So in the settlement of estates the legal skeletons of stale claims and outlawed demands stalk forth from their charnel houses and their graves and seek to push from their stools the guests whom the testator has invited to the feast.

This appeal is therefore dismissed, but as the practice in this class of proceedings has not been very clearly settled by the courts, without costs to the appellant.